UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>COMMUNITY HEALTH CLINICS INC. dba TERRY REILLY HEALTH SERVICES; US DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES,<br><br>　　　Defendant. | Case No. 1:25-cv-00295-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

On June 6, 2025, pro se plaintiff Raul Mendez filed an application for leave to proceed in forma pauperis along with a complaint, which the Court conditionally filed. Although this case was randomly assigned to the undersigned judge, Mendez filed a motion to disqualify a different judge—Judge David C. Nye. Mendez wishes to disqualify Judge Nye because Judge Nye long ago dismissed the claims Mendez seeks to advance here. And while the Clerk of Court processed Mendez's most recent filings as a new civil case rather than a motion to reopen the earlier case, Mendez's stated intention is to reopen the earlier case with a different presiding judge. *See Compl.*, Dkt. 2 at 3 (Mendez alleges that he "is reopening this

case [*i.e.,* Case No. 1:16-cv-00425-DCN] along with a motion for

disqualification").

Mendez's attempt to relitigate dismissed claims is barred by the doctrine of

res judicata. Accordingly, the Court will dismiss the complaint without leave to

amend. Alternatively, construing Mendez's filing as a motion to reopen the 2016

lawsuit, the Court will deny the motion.

## BACKGROUND

Mendez is a serial plaintiff in this court. *See, e.g, Mendez v. City of Boise,*

No. 1:21-cv-446-DCN, 2022 WL 834646 (D. Idaho Mar. 21, 2022) (recounting

Mendez's history of litigation in this district). Most recently, he filed five separate

complaints in a single day, including the above-captioned action.[1] Each of these

five complaints is directly related to a case that has already been adjudicated.

In this case, Mendez seeks to reopen a 2016 lawsuit he filed against

Community Health Clinics, Inc. *See Mendez v. Community Health Clinics, Inc,* No.

1:16-cv-425-DCN. As he did before, Mendez alleges that Community Health

improperly terminated his employment. Over four years ago, in February 2021,

---

[1] Mendez filed the following five complaints on June 6, 2025: (1) *Mendez v. Sony Computer Entertainment Am. LLC*, No. 1-25-cv-293-BLW; (2) *Mendez v. Moonridge Neighborhood Ass'n*, No. 1:25-cv-294-AKB; (3) *Mendez v. Community Health Clinics, Inc.*, No. 1:25-cv-295-BLW; (4) *Mendez v. City of Boise*, 1:25-cv-296-AKB; and (5) *Mendez v. Ada County*, 1:25-cv-297-AKB.

Judge Nye dismissed with prejudice Mendez's claims against Community Health. *See Case No. 16-cv-425,* Dkt. 76. Mendez now seeks to reopen his 2016 case, albeit with a different judge.

## LEGAL STANDARD

### 1.  The IFP Application

Mendez has made the required showing to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Accordingly, that request will be granted.

### 2.  Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court conducts an initial review of all pro se complaints for legal sufficiency. The Court must dismiss a complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Mendez's complaint is subject to dismissal on res judicata grounds. *See, e.g., Clements v. Airport Auth. of Washoe Cnty.,* 69 F.3d 321, 329 (9th Cir. 1995) (noting that courts may raise res judicata on their own). This doctrine encompasses both "claim preclusion" and "issue preclusion," and provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). Claim preclusion applies to bar a subsequent action when three requirements are met: "(1)

the same parties or privies; (2) the same claim; and (3) a final judgment."
*Cacciaguidi v. Reinke*, No. 4:09-cv-00343-BLW, 2012 WL 892298, at *4 (D.
Idaho Mar. 14, 2012); *see also Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d
708, 713 (9th Cir. 2001).

   All three requirements are met here. Dismissal on res judicata grounds is
thus appropriate. And while Mendez argues that dismissal of the earlier case does
not have res judicata effect because it was dismissed as a discovery sanction, a
dismissal with prejudice—whatever its basis—is "on the merits" and thus a final
judgment for res judicata purposes. *See Stewart v. U.S. Bancorp,* 297 F.3d 953 (9th
Cir. 2002) ("The phrase 'final judgment on the merits' is often used
interchangeably with 'dismissal with prejudice.'"); *In re Marino*, 181 F.3d 1142,
1144-45 (9th Cir. 1999).

   Mendez also says the Court must allow him to litigate the claims asserted
here because he has added a new defendant: the United States of America.[2] There
are at least two problems with this argument. First, Mendez has failed to articulate
any cognizable theory upon which the United States is responsible for health
problems he has allegedly suffered by virtue of his "not being able to get regular

---

[2] Mendez also adds the United States Department of Health and Human Services as a
defendant. In the earlier case, however, he unsuccessfully sought to add this defendant. *See Feb.
9, 2021 Order,* Dkt. 75 in Case No. 1:16-cv-425-DCN.

checkups due to lack of insurance." *Compl.,* Dkt. 2, ¶ 59. The claim is thus subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). The Court will not grant leave to amend because it is plain that any amendment would be futile.

Alternatively, the claim Mendez seeks to allege against the United States is barred by the doctrine of res judicata because Mendez's theory of liability puts the United States in privity with Community Health. *See id.* ¶ 59 ("alleging that "[a]s an entity providing health services on behalf of the USHHS; the Federal government is liable for TRHS [i.e., Community Health] harming Mendez"); *Subramanian v. St. Paul Fire & Marine Ins.,* 494 F. App'x 817, 820 (9th Cir. 2012) (dismissing claims on res judicata grounds even though appellants named additional defendants).

Finally, Mendez has included some new allegations and theories. Primarily, he says that that the "Continued Wrong Doctrine" applies, based on his allegation that he "has never been able to retain comparable employment and has suffered ongoing economic harm…the different of what he used to make to his present wages." Dkt. 2, at 3. He also says that Judge Nye was biased against him and violated his due process rights in connection with dismissing his complaint. The allegations regarding the continuing harm Mendez has allegedly suffered arise from the same operative facts—namely, his termination—that were raised and adjudicated in the first lawsuit. These new allegations do not save his claims from

a res judicata dismissal. And his allegations related to Judge Nye are plainly refuted by the record in the earlier case. In sum, Mendez's new complaint is barred by the doctrine of res judicata and will be dismissed for that reason. Further, as will be discussed in the next section, there is no basis for reopening the 2016 case.

### 3. Motion to Reopen

Courts may reopen a case when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." F.R.C.P. 60(b)(2). Relief is warranted if (1) the evidence relied on is "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the evidence is of such magnitude that it would have likely changed the disposition of the earlier case. *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082 (9th Cir. 2003). New arguments do not constitute newly discovered evidence. *Wapato Heritage, L.L.C. v. United States*, 423 F. App'x 709, 711 (9th Cir. 2011). Here, Mendez has failed to provide any new evidence that would justify reopening this case.

Courts may also reopen a case if "the judgement [of the prior case] is void." F.R.C.P. 60(b)(4). Judge Nye's prior decision is not void and has been affirmed by the Ninth Circuit. *See Mendez v. Cmty. Health Clinics, Inc.*, No. 21-35179, 2022 WL 2340805 (9th Cir. June 29, 2022). ("We reject as meritless Mendez's

contentions that in dismissing this action as a sanction the district court was biased against him, failed to construe his pro se filings liberally, or failed to comply with the Federal Rules of Civil Procedure and the district court's local rules.").

Accordingly, the Court will deny Mendez's request to reopen the 2016 lawsuit.

ORDER

**IT IS ORDERED that:**

1.  Plaintiff's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **GRANTED.**

2.  Plaintiff's complaint (Dkt. 2) is **DISMISSED WITHOUT LEAVE TO AMEND.** Alternatively, construing the complaint as a motion to reopen a previous proceeding, the motion is **DENIED.**

3.  Plaintiff's Motion to Disqualify Judge Nye (Dkt. 3) is **DENIED AS MOOT.**



DATED: August 6, 2025

_____
B. Lynn Winmill
U.S. District Court Judge